IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JINI ATTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:10-cv-460 |
| vs. ) | |
| ) | |
| NATIONAL CREDIT SYSTEMS, INC., ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JINI ATTIA, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, NATIONAL CREDIT SYSTEMS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Raleigh, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Georgia, which is not licensed to do business in North Carolina and which has its principal place of business in Atlanta, Georgia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the month of November of 2009, Defendant's representatives and/or employees, including but not limited to an individual representing herself as Mrs. Tillman (hereinafter "Tillman"), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. On multiple occasions during these telephone calls, including but not limited to a call which was made from Defendant to Plaintiff on December 16, 2009, Tillman repeatedly threatened to have Plaintiff's wages garnished if payment of the alleged debt was not made immediately, despite the fact that no judgment has been rendered against Plaintiff with regard to the alleged debt.

9. Further, during these telephone calls, Tillman stated that Plaintiff could make several payments to satisfy the alleged debt, instead of one lump sum payment.

10. On or about December 31, 2009, Plaintiff made a partial payment to Defendant in accordance with the agreement with Tillman.

11. However, during another phone conversation, a representative and/or employee of Defendant representing himself as Mike Cook (hereinafter "Cook") contacted Plaintiff by telephone in an attempt to collect the alleged debt, and used obscene, profane and/or abusive language with Plaintiff.

12. Further, Cook stated that Plaintiff's account had been "flagged" and that partial payments would now not be accepted and Plaintiff had to pay the balance of the alleged debt in full with a single payment.

13. Subsequently, Plaintiff discovered that the amount of the alleged debt as stated by Defendant was inaccurate, and according to the account ledger maintained by Plaintiff's former landlord, on whose behalf Defendant was attempting collection, the amount of the alleged debt was $1,289.42, and not $1,642.64, as represented by Defendant.

14. On or about July 2, 2010, Plaintiff mailed a letter to Defendant disputing the amount of the alleged debt. A copy of said letter is attached as Exhibit 1.

15. On or about July 9, 2010, Defendant was also notified by Plaintiff's former landlord that the correct amount of the alleged debt was $1,289.42, and not $1,642.64.

16. However, Defendant inaccurately reported and/or failed to correct the prior reporting of the amount of the alleged debt to the credit reporting bureaus as $1,642.64, thereby resulting in inaccuracies on Plaintiff's credit report(s). In addition, Defendant failed to report to the credit reporting bureaus that the debt was disputed by Plaintiff.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

b. Falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

e. Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8);

f. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JINI ATTIA, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

19. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

20. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of N.C. Gen. Stat 58-70-100(1);

b. Falsely representing the amount of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

c. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and (6);

d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

5

e. Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed, in violation of N.C. Gen. Stat.§ 58-70-95; and

f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JINI ATTIA, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 fax
Lynette@LuxenburgLevin.com